IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROSCOE'S ELECTRONICS AND NANOTECHNOLOGY, LLC | § § § § § § § | |
| *Plaintiff,* | § § | No. 4:10-cv-446 |
| v. | § § | |
| SOUTHERN LURE COMPANY | § § § § § § § § | |
| *Defendant.* | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR FALSE PATENT MARKING**

ROSCOE'S ELECTRONICS AND NANOTECHNOLOGY, LLC, ("Plaintiff") brings this action for false patent marking against SOUTHERN LURE COMPANY, ("Defendant") as follows:

This is an action under Title 35, Section 292 of the United States Code for false patent marking.

I.   THE PARTIES

1. Plaintiff ROSCOE'S ELECTRONICS AND NANOTECHNOLOGY, LLC, ("Roscoe's") is a limited liability company duly organized in Texas and having a correspondence address at P.O. Box 863656, Plano, Texas 75086. Plaintiff has the legal capacity to compete in the business of making and/or using and/or selling fishing lures and is placed at a disadvantage by false patent marking or false advertising related to the same.

2. Upon information and belief, SOUTHERN LURE COMPANY ("Defendant") is, and at all relevant times mentioned herein was, a corporation organized under the laws of Mississippi, having its principal place of business at 125 Maxwell Lane, Columbus, Mississippi 39702.

## II.   JURISDICTION AND VENUE

3. This is an action for false patent marking arising under the patent laws of the United States, Title 35, United States Code, specifically, under Title 35, Section 292 of the United States Code. The Court's jurisdiction is proper under the above statutes, and 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over the Defendant. The Defendant has conducted and does conduct business within the State of Texas. Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and sells its products in the United States, the State of Texas, and the Eastern District of Texas. Defendant has purposefully and voluntarily placed one or more of its falsely marked products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of

Texas. These falsely marked products have been and continued to be purchased by consumers, including the Plaintiff, in the Eastern District of Texas. The Defendant has committed offenses of false patent marking within the State of Texas and, more particularly, within the Eastern District of Texas.

5.  Venue is proper in this Court under 28 U.S.C. §§ 1391(c), and 28 U.S.C. § 1395(a) because, at least in part, Defendant's products, the subject matter of this cause of action, have in the past been sold in this District, and are presently offered for sale and sold in this District.

### III.  DEFENDANT'S FALSELY MARKED PRODUCTS

6.  The Defendant has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) the following product with the number of expired U.S. Patent D299,047, issued; December 20, 1988, and expired December 21, 2002: "SCUM FROG® WEEDLESS POPPER". (Scum Frog is a registered trademark of Southern Lure Company).

### IV.  CAUSE OF ACTION FOR FALSE PATENT MARKING

7.  Plaintiff incorporates by reference, repeats, and re-alleges the content of the above paragraphs as though fully set forth herein.

8.  All monopoly rights in a patent terminate completely and irrevocable upon expiration of the patent.

9.  Upon information and belief, the Defendant has experience in applying for, acquiring, and maintaining patents and other intellectual property rights.

10. Upon information and belief, the Defendant has many years of experience marking goods sold and offered for sale with pertinent, or potentially pertinent, patent numbers, trademarks, and import marks as governed by various laws.

11. Upon information and belief, the Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that patents do not have indefinite duration and that they expire.

12. Upon information and belief, the Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that United States Patent Number D299,047 has expired.

13. The Defendant has marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) products and/or packaging offered for sale with the number of expired patent D299,047.

14. Because all monopoly and exclusionary rights in the expired patent have terminated, the Defendant cannot have any reasonable belief that goods marked with said patent number after expiration of the patent term have been or are entitled to any protection accorded by United States patent laws.

15. For the reasons set forth herein, and/or for other reasons which will be further evidenced in these proceedings, the Defendant has, upon information and belief, falsely marked its unpatented articles as if patented, with the intent to deceive one or more of: the public; competitors; potential competitors; purchasers; and potential purchasers; in violation of 35 U.S.C. §292.

16. As a direct and proximate result of Defendant's acts of false patent marking, Plaintiff has been and continues to be injured and has sustained actual and statutory damages.

17. As a direct and proximate result of Defendant's acts of false patent marking, the interests of the United States have been and continue to be injured and such interests have sustained and will continue to sustain actual and statutory damages.

18. Unless Defendant is enjoined by this Court from continuing their false marking of goods, the United States will continue to suffer additional irreparable harm and impairment of its interests in furthering technological progress in the useful arts.

19. The Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The Court has the discretion to award the Plaintiff, and the Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

20. For the reasons set forth herein, and/or for additional or alternative reasons which shall be evidenced through these proceedings, each instance of marking (or causing to be marked) a product with the number of an expired patent by the Defendant (directly or on the packaging thereof) constitutes an "offense" for the purposes and remedies of 35 U.S.C. §292(a).

## V. PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that the Defendant have violated the provisions of 35 U.S.C. §292, as alleged herein;

B.   A judgment and order requiring the Defendant to pay to the Plaintiff, and to the United States Treasury, to share equally pursuant to statue, a civil monetary fine of FIVE HUNDRED DOLLARS ($500) per false marking offense, i.e., each item falsely marked as "patented".

C.   A judgment and order requiring the Defendant to pay Plaintiff, and the United States, pre-judgment and post-judgment interest on the damages awarded;

D.   A judgment and order finding this to be a case in which the equities and circumstances requiring the Defendant to pay the costs of this action (including all disbursements) and attorneys' fees incurred by the Plaintiff and the United States.

E.   A judgment and order that Defendant, its agents employees, representatives, successors, and assigns, and those acting in privity or in concert with them, be permanently enjoined from further false marking as evidenced herein; and

F.   Such other and further relief as the Court deems just and equitable.

Dated: September 7, 2010              Respectfully submitted,

By: s/Michael T. Konczal
MICHAEL T. KONCZAL
Texas State Bar No. 24067958
USPTO Bar No. 45475

KONCZAL LAW FIRM PLLC
P.O. Box 863656
Plano, Texas 75093

(214) 228-3641

mike@patentmike.com

Attorney for Plaintiff
ROSCOE'S ELECTRONICS
AND NANOTECHNOLOGY, LLC